Filed 5/5/25  P. v. Derosas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063344 |
| v. | (Super. Ct. No. 11CF3037) |
| OSCAR DEROSAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Oscar Derosas was convicted of attempted murder over a decade ago based on a plea deal. He recently filed a resentencing petition under Penal Code section 1172.6, which the trial court denied.[1] On appeal, his appointed counsel filed a no-issue brief, requesting we exercise our discretion to independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We have exercised our discretion and have found no arguable issues. Thus, we affirm the court's postjudgment order.

FACTS AND PROCEDURAL HISTORY

Derosas was charged with (1) attempted murder (former § 187, subd. (a) & § 664, subd. (b)); (2) assault with a firearm (§ 245, subd. (b)); (3) possession of a firearm by a felon (former § 12021, subd. (a)(1)); (4) possession of a firearm by a probationer (former § 12021, subd. (d)(1)); and (5) street terrorism (former § 186.22, subd. (a)).

A jury found him guilty of assault with a deadly weapon, possession of a firearm by a probationer, and street terrorism. The jury was unable to reach a verdict on the attempted murder charge, so the court granted Derosas's motion for a mistrial.

The prosecution elected to retry Derosas on the attempted murder count. Before the retrial, Derosas pleaded guilty to attempted murder and admitted a related gang enhancement (former § 186.22, subd. (b)(1)). His plea states, "In Orange County, California, on October 13, 2011, I intended to kill and attempted to kill [the victim] by shooting him and I did so for the benefit of Pearl Street, a criminal street gang, intending to promote, further,

---

[1] All further undesignated statutory references are to the Penal Code.

and assist in criminal conduct by members of that gang." (Capitalization omitted.)

In 2013, Derosas was sentenced to a total of 17 years in prison: seven years for the attempted murder count and 10 years for the gang enhancement. His sentences on the other counts were stayed.

In July 2023, Derosas filed a resentencing petition under section 1172.6 (the petition), and was later appointed counsel. The court denied the petition on its face, finding Derosas was ineligible for relief as a matter of law. It explained, "Petitioner's admissions in [his plea] form foreclose the possibility that petitioner was convicted under a natural and probable consequences theory. Petitioner's admission in his plea agreement that he harbored an intent to kill and carried out that intent by shooting the victim precludes resentencing relief, absent some distinction that it was petitioner's burden to demonstrate. A defendant who acts with the intent to kill is among those expressly excluded from the Legislature's ameliorative changes, including resentencing."

Derosas appealed the denial. His counsel then filed a no-issue brief requesting that we independently review the record under *Delgadillo*. Specifically, his counsel asked us to review whether the trial court erred by finding Derosas was barred from relief as a matter of law.

In July 2024, this Court issued an order granting Derosas 30 days to file a supplemental brief. The order stated his appeal could be dismissed as abandoned if he failed to do so. Derosas did not file anything in response.

DISCUSSION

"To prove the crime of attempted murder, the prosecution must establish 'the specific intent to kill and the commission of a direct but

3

ineffectual act toward accomplishing the intended killing.'" (*People v. Canizales* (2019) 7 Cal.5th 591, 602.) Prior to 2019, aiders and abettors could be found guilty of attempted murder under a natural and probable consequences theory even if they lacked specific intent to kill. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193–194, 196–197.) The direct perpetrator's "'intent to kill' was imputed onto" the aider and abettor if the "attempted murder was a natural and probable consequence of [the aider and abettor's] intent to participate in the target offense." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007–1008.)

However, "[e]ffective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the . . . natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition . . . Senate Bill 1437 added section 1170.95 [(now section 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Persons convicted of attempted murder may also seek relief under section 1172.6, subdivision (a).

The trial court reviews a section 1172.6 petition to determine whether the petitioner has made a prima facie case. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) "When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the

4

defendant admitted as the factual basis for a guilty plea.'" (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212.)

On appeal from a denial of a section 1172.6 petition, if appointed counsel finds no arguable issues to pursue, (1) counsel should file a brief stating that determination with a factual summary of the petition's denial, and (2) the court should notify the defendant of his or her right to file a supplemental brief and that the appeal may be dismissed if no such brief is filed within 30 days. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) If the defendant files a supplemental brief, the appellate court must evaluate the arguments made therein and issue a written opinion. (*Id.* at p. 232.) If no supplemental brief is filed, as is the case here, the appellate court has discretion to dismiss the appeal or review the record independently. (*Ibid.*)

In the interests of justice, we exercise our discretion to review the record. We agree with Derosas's counsel that there are no arguable issues. Derosas's plea establishes he was convicted of attempted murder as a direct perpetrator. The first element for attempted murder requires a showing that Derosas acted with specific intent to kill. (*People v. Canizales*, *supra*, 7 Cal.5th at p. 602.) Derosas's plea establishes that he had the specific intent to kill, as he admitted that "I intended to kill . . . [the victim]." The second element requires "'the commission of a direct but ineffectual act toward accomplishing the intended killing.'" (*Ibid.*) Derosas's plea also establishes that he personally performed such an act. He admitted, "I . . . attempted to kill [the victim] by shooting him" This admission establishes that Derosas committed a direct act to accomplish the intended killing—he shot the victim—but it was ineffectual.

It is clear from Derosas's plea that he was convicted as a direct perpetrator of attempted murder and not under a natural and probable

consequences theory. Thus, the trial court properly denied the petition because the record conclusively shows Derosas is ineligible for relief under section 1172.6 as a matter of law. (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 272–273.)

## DISPOSITION

The court's postjudgment order denying the petition is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


DELANEY, J.


MOTOIKE, J.